**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ELITE 2016 LLC,** | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 21-CV-1320 |
| **SHAWN CAUTHON, ET AL** | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                **JULY 16, 2021**

Presently before the Court is the *pro se* Notice of Removal filed by Shawn Cauthon. (ECF No. 2.) Also pending is a motion for leave to proceed *in forma pauperis* filed by Cauthon. (ECF No. 1.)[1] For the following reasons, the Court will grant Cauthon leave to proceed *in forma pauperis* and will remand this case back to the Court of Common Pleas of Philadelphia County.

**I.       FACTUAL ALLEGATIONS**[2]

The state court Complaint at issue was filed in the Court of Common Pleas of Philadelphia County on or about November 13, 2019 and is docketed at No. 191101446. (ECF No. 2-1.) The Complaint asserts a claim for ejectment against Cauthon and "unknown occupants" of property at 1603 E. Washington Lane in Philadelphia following a Sheriff's sale of the property. (*Id.* at 5.) Cauthon removed the action to this Court on March 16, 2021 pursuant to 28 U.S.C. § 1441 and alleges jurisdiction under §§ 1331 and 1332. (ECF No. 2 at 2, 3.) He

---

[1] Cauthon signed both his Notice of Removal and his motion for leave to proceed *in forma pauperis* electronically. (*See* ECF Nos. 1 and 2.) These electronic signatures are acceptable. *See* May 13, 2020 Standing Order, *In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Created by COVID-19*.

[2] The facts set forth in this Memorandum are taken from Cauthon's Notice of Removal and the attachments thereto. The Court adopts the pagination assigned by the CM/ECF docketing system.

alleges that he is being deprived of his constitutional rights under color of state law because "Banking Securities" and "Collateral Monetization" create a "Federally Backed Housing Trust" which is "in the nature of an 'entitlement' that must be protected the same as Social Security or Medicare." (*Id.* at 5.) He further alleges that he will suffer irreparable harm under 42 U.S.C. § 1983 and seeks the Court's protection. (*Id.* at 6.) He also asserts violations of his Fifth and Fourteenth Amendment rights. (*Id.* at 9.) Cauthon asks that the removal petition be construed as a petition for injunctive relief, presumably seeking to halt the state court ejectment proceedings. (*Id.* at 3.)

A copy of the state court Complaint is attached to the Notice of Removal. (ECF No. 2-1.) Plaintiff therein is identified as Elite 2016 LLC, a Pennsylvania limited liability company doing business in Philadelphia ("Elite"). (*Id.* at 4.) Defendants are Cauthon and "unknown occupants" who are alleged to be illegally residing at 1603 E. Washington Lane in Philadelphia ("the Property"). (*Id.*) The Complaint alleges that Elite obtained fee simple interest in the Property by deed dated July 31, 2019 pursuant to a writ issued in *Cust. Bank N.A. as Trustee for Citigroup Mortgage Loan Trust 2007 v. Shawn Cauthon*, C.P. Phila. Feb. Term 2016, No. 0885. (*Id.* at 5.) Elite is alleged to have recorded the deed on September 5, 2019 in Deed Book 1901, Writ No. 451, Document ID No. 53561032 with the Philadelphia County Recorder of Deeds. (*Id.*) The Complaint further alleges that Cauthon is unlawfully occupying the Property without permission and without any legal or equitable right. (*Id.*) In addition, it claims that Elite requested that he quit and vacate the Property, but he has failed and refused to do so. (*Id.*) It is alleged that there is no lease, written or oral or otherwise between the parties, and that that no landlord-tenant relationship exists. (*Id.*) Based on these facts, the Complaint seeks possession of the Property. (*Id.* at 18.)

**II.     DISCUSSION**

It appears that Cauthon is incapable of paying the costs to defend this litigation. Accordingly, he may proceed *in forma pauperis*. The removal of cases to federal court is governed by 28 U.S.C. § 1441. In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The court has an obligation to satisfy itself that it has subject matter jurisdiction. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77-78 (3d Cir. 2003). The removing party bears the burden of establishing the existence of subject matter jurisdiction. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). We note that, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (other citations omitted)).

In removal cases, the existence of federal question jurisdiction under 28 U.S.C. § 1331 is usually determined under the well pleaded complaint rule, which provides that federal question jurisdiction is established when the face of a properly pleaded complaint asserts a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). The well pleaded complaint rule "makes the plaintiff the 'master of the claim,' meaning that he or she may avoid federal jurisdiction by forgoing federal causes of action and basing the claim on only state law." *Scott v. Sysco Food Serv. of Metro N.Y., LLC*, No. 07-3656, 2007 WL 3170121, at *2 (D.N.J. Oct. 26, 2007) (citing *Caterpillar*, 482

3

U.S. at 392 (other citations omitted)). "Under the well pleaded complaint rule, there can be no removal on the basis of a federal question unless the federal law under which the claim arises is a direct and essential element of the plaintiff's case." *In re Community Bank of N. Va.*, 418 F.3d 277, 293 (3d Cir. 2005) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-12 (1983). Moreover, the United States Supreme Court has made clear that for purposes of determining removal jurisdiction under the "well pleaded complaint rule," federal question jurisdiction is determined without any reference to federal claims raised in an answer/defense to the complaint. *Caterpillar*, 482 U.S. at 393 (It is well settled "that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." (citing *Franchise Tax Bd.*, 463 U.S. at 12)).

Here, Elite's state court Complaint states no federal question claims. It alleges only an action in ejectment, which is entirely a state court claim. In his Notice of Removal, Cauthon asserts that the state court action implicates his Fifth and Fourteenth Amendment rights and his rights under the Equal Protection clause. However, these constitute defenses to the underlying state action, and the law is clear that subject matter jurisdiction in removed actions cannot be based on defenses to a claim, but only on the claims asserted in the complaint itself. As such, Cauthon has failed to establish federal question jurisdiction as a basis for removal of the state court Complaint, 28 U.S.C. § 1331.

Cauthon has also failed to allege facts that would support predicating removal jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332 grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a)

requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  To determine the citizenship of a limited liability company, the court must treat it as a partnership, which takes on the citizenship of each of its partners.  *Zambelli*, 592 F.3d at 420.

Although Cauthon alleges that complete diversity exists, this is not clear on the face of the state court Complaint.  The Complaint does not identify the members of the Plaintiff limited liability company and provides only a Philadelphia business address.  Cauthon and the "unknown occupants" whose citizenship may be disregarded for purposes of determining diversity of citizenship, *see* 28 U.S.C. § 1441(b), are alleged to be residing in the subject property, which is also in Philadelphia.  (ECF No. 2-1 at 4.)  Cauthon has failed to establish the existence of diversity of citizenship.  (*Id.*)

Because Cauthon has failed to demonstrate a proper jurisdictional ground for removal of this action, the Court lacks subject matter jurisdiction over this action, and it must be remanded.  *See Federal Nat'l. Mortg. Ass'n v. Allen*, No. 13-483, 2013 WL 5146201, at *2-5 (W.D. Pa. Sept. 13, 2013).

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Cauthon's motion for leave to proceed *in forma pauperis* and remand this action to the Court of Common Pleas of Philadelphia County for further proceedings.  An appropriate Order accompanies this Memorandum.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**